IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JL BARRETT CORPORATION d/b/a ACCUCOLOR DIGITAL PRINT,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>CANON BUSINESS SOLUTIONS, INC.,<br><br>Defendant/Counterclaimant. | MEMORANDUM DECISION AND ORDER GRANTING ACCUCOLOR'S MOTION TO CONSOLIDATE<br><br>Case No. 1:10-CV-87 TS |

This matter is before the Court on Plaintiff JL Barrett Corporation d/b/a AccuColor Digital Print's ("AccuColor") Motion to Consolidate. Plaintiff seeks to consolidate this action with an action recently transferred to this Court, *Canon Financial Services v. JL Barrett Corporation d/b/a AccuColor Digital Print*, Case No. 1:10-CV-201 DS (the "Transferred Action"). For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff initially brought this action against Defendant Canon Financial Services, Inc. ("CFS") and Canon Business Solutions, Inc. ("CBS") on June 4, 2010. Plaintiff's Complaint

contains claims for fraudulent inducement, violation of Utah's Deceptive Practices Act, indemnification, breach of the Supplement to Acquisition Agreement, breach of the Maintenance Agreement, breach of the covenant of good faith and fair dealing, and negligent misrepresentation.

Defendant CBS answered the Complaint and asserted a counterclaim for breach of contract. Defendant CFS, however, filed a Motion to Dismiss for Improper Venue.

Around the same time, CFS filed a lawsuit in New Jersey Federal District Court alleging that AccuColor and Barrett had breached the Acquisition Agreement to Lease or Purchase Agreement. AccuColor moved to transfer the New Jersey case to Utah.

This Court subsequently granted CFS' Motion to Dismiss for Improper Venue, while the New Jersey Court transferred its case to Utah, resulting in Case No. 1:10-CV-201. In that case, AccuColor has asserted a counterclaim against CFS, alleging claims that are nearly identical to those claims brought by AccuColor against CBS.

## II. DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure allows for the consolidation of cases sharing common questions of law or fact. DUCivR 42-1 allows for consolidation if the matters: "(i) arise from substantially the same transaction or event; (ii) involve substantially the same parties or property; (iii) involve the same patent, trademark, or copyright; (iv) call for determination of substantially the same questions of law; or (v) for any other reason would entail

substantial duplication of labor or unnecessary court costs or delay if heard by different judges."[1]
The issue of whether to consolidate cases is one that is left to the trial court's discretion. [2]

The Court finds that consolidation is appropriate here.  Based on the factual background set forth above, the Court finds that these matter arise from substantially the same transaction or event, involve substantially the same parties, and call for determination of substantially the same questions of law.  Further, the Court finds that consolidation is the best way to preserve scarce judicial resources.

CFS' arguments in opposition to the Motion to Consolidate do not alter this outcome.  The primary thrust of CFS' opposition focuses on the merits of Plaintiff's claims.  However, the merits of Plaintiff's claims are not before the Court in the present Motion.  CFS also argues that it will be at a disadvantage because some discovery has already taken place in the instant action.  The Court notes that very little discovery has occurred in this case and any perceived disadvantage can be easily remedied through the cooperation of counsel and, if needed, adjustments to the Scheduling Order.  Therefore, the Court will order consolidation as requested.

### III.  CONCLUSION

It is therefore

ORDERED that AccuColor's Motion to Consolidate (Docket No. 30) is GRANTED.  Case No. 1:10-CV-201 is hereby consolidated into this case.

The hearing set for March 21, 2011, is STRICKEN.

---

[1] DUCivR 42-1.

[2] *Utah v. United States Dept. of Interior*, 45 F.Supp. 2d 1279, 1281 (D. Utah 1999).

DATED   March 15, 2011.

                                   BY THE COURT:

                                   _____
                                   TED STEWART
                                   United States District Judge